# Conrad v. Gray.

*Action by Employe against Employer, for Damages on account of Personal Injuries.*

1. *Averment of negligence in complaint; injuries caused by defects in machinery.*—In an action by an employe against his employer, to recover damages for personal injuries caused by defective machinery, a complaint alleging that the defects in the machinery had existed for a long time, that they were known to the defendant, that the defendant negligently failed to remedy the same, and negligently permitted the machinery to be used and operated in the defective condition,—sufficiently shows negligence of the defendant within the meaning of subdivision 1 of section 2590 of the Code, and the proviso thereto.

2. *Sufficiency of complaint, in averment of breach of common-law duty of master in employment of fellow servants.*—In an action against a

[Conrad v. Gray.]

master for injuries caused by the negligence of a fellow servant, based on a breach of the common-law duty of the master to his servant to use ordinary care in the selection and retention in service of competent fellow servants, a complaint alleging that the injury was caused by the negligence of a fellow servant, that the fellow servant was inexperienced and incompetent, that the defendant employed him with knowledge of his inexperience and unskillfulness, and that the plaintiff was ignorant thereof, is sufficiently explicit.

3. *Variance between allegations and proof, in action for injuries caused by defective machinery.*—In an action by a servant to recover damages for personal injuries caused by defective machinery, the plaintiff is not entitled to recover on proof that the injury was caused by defects in the machinery other than those alleged in the complaint.

4. *Proof of negligence of master in employment .or retention of fellow servant; what is not.*—In an action by a servant against the master to recover damages for personal injuries alleged to have been caused by the negligence of a fellow servant, the simple fact that the fellow servant was guilty of negligence on the occasion when the plaintiff was injured is not sufficient to authorize the jury to find that the fellow servant was incompetent, or that the defendant was negligent in employing him or in retaining him in the service.

5. *Charges which assume the existence of facts of which there is no evidence. or as to which the evidence is conflicting*, should be refused.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SHEAKE.

The averments of the two counts of the complaint, as well as other material facts, are sufficiently stated in the opinion. The defendant demurred to the first count, on the following grounds: "(1) Because it fails to allege that the defect complained of arose from the negligence of the defendant, or from the negligence of any of the defendant's employees entrusted with the duty to keep the ways, works or machinery in proper repair;" "(2) It fails to show that the defect complained of had not been remedied owing to the negligence of defendant, or of any of defendant's employees who were entrusted with the duty of keeping the same in proper condition;" "(3) It fails to aver that the defendant, or any employee entrusted with the duty of keeping said machinery in proper repair, had any knowledge that such machinery was used or operated while in a defective condition;" "(4) It fails to allege that the defendant, or any employee entrusted with a duty to keep the machinery in repair, had any opportunity to repair the alleged

defects in said machinery, after discovery of its defect-
ive condition, or that defendant, or any employee en-
trusted with the duty to keep the same in repair, had
sufficient time to repair the same, after discovery of such
defects." The defendant demurred to the second count
of the complaint, on the following, among other
grounds : "(1) Because it alleges that the injury com-
plained of was by reason of the negligence of one John
Burfield, an employee of the defendant, and it fails to
allege that defendant knew of, or by due diligence could
have known of, the negligent manner in which the said
Burfield conducted or operated said machinery;"
"(2) Because it alleges that said injury was caused by
reason of the negligence of John Burfield, and it fails to
aver how or in what manner said negligence was in any
way connected with, or in any way contributed to, the
injury complained of;" "(3) Because it fails to set out
with sufficient definiteness or particularity what acts of
negligence, or incompetency, inexperience, or incapac-
ity of said Burfield caused said injury, or in what the
said negligence, incompetency, inexperience, or incapac-
ity of said Burfield consisted." The court overruled the
demurrers.

On the introduction of all the evidence, the court, at
the request of the plaintiff, gave to the jury the follow-
ing written charges, and to the giving of each of them
the defendant separately excepted : "(1) Notice of the
defects in the boiler to Kershaw, the foreman of the de-
fendant, was notice to defendant; and, if you believe,
from the evidence, that Kershaw had such notice, then
I charge you that notice to him was sufficient."
(2) "If you find that plaintiff is entitled to recover,.
then, in estimating the damages, the loss of time and
the incapacity to do as profitable labor as before the in-
jury, as well as the mental and physical suffering
caused by it, are pertinent and legitimate factors."
(3) "Notice of defects in the boiler to Kershaw was the
same as notice to Conrad." (4) "If the jury believe,
from the evidence, that the boiler was defective, as de-
scribed in complaint, and that fact was made known to
either Kershaw or Conrad, and that the plaintiff was in-
jured by reason of the explosion of said boiler, on ac-
count of such defects, then plaintiff is entitled to recover
under the first count." From a judgment for the plain-

[Conrad v. Gray.]

tiff, the defendant appeals, and assigns as error the several rulings of the trial court above referred to.

KEY & HESTER, and J. H. NATHAN, for the appellant, cited *Mobile & Ohio R. R. Co. v. George*, 94 Ala. 199; *Seaboard Manufacturing Co. v. Woodson*, 94 Ala. 143; *Tennessee Coal, Iron & R. Co. v. Herndon*, 14 So. Rep. 287; *Mobile & Ohio R. Co. v. Thomas*, 42 Ala. 672; *Holland v. Tennessee Coal, Iron & R. Co.*, 91 Ala. 444; *Mobile & Montgomery R. Co. v. Smith*, 59 Ala. 245; *Smoot v. Mobile & Montgomery R. Co.*, 67 Ala. 13; *Cummins v. State*, 58 Ala. 387; *Scarborough v. Malone*, 67 Ala. 570.

No counsel marked for the appellee.

HEAD J.—The action was brought to recover damages for personal injuries sustained by the plaintiff by reason of an explosion of a boiler belonging to the defendant, in whose service the plaintiff was at the time engaged. A judgment was recovered against the defendant, and he appeals.

1. The first count of the complaint was based upon subdivision 1 of section 2590 of the Code. After alleging that the defects in the machinery had existed for a long time, and were known to the defendent, it distinctly avers, in substantially the statutory words, that the defendant had negligently failed to remedy the same, and, furthermore, that he negligently permitted the boiler to be used and operated in the defective condition. This was clearly sufficient to save the count from the imputation of the fault which existed in the case of *Seaboard Manufacturing Co. v. Woodson*, 94 Ala. 143, s. c. 98 Ala. 378. In our practice, averments of the facts constituting negligence consist of little more than the conclusion of the pleader. It was not necessary to charge, in so many words, that a reasonable time within which to remedy the defects had intervened after their discovery, since this is necessarily embraced in the averment, that the defendant had negligently failed to remedy them. *Louisville and Nashville Railroad Co. v. Hawkins*, 92 Ala. 241. An averment of negligence is not required to be as full and specific as the proof essential to support it. The first count was in all respects sufficient, and the Circuit Court did not err in so holding on demurrer.

[Conrad v. Gray.]

2.  The second count was not based upon the statute, but rested the plaintiff's right to recovery upon a breach of the common law duty a master owes his servant to use ordinary care in the selection and retention in service of competent fellow servants.  The count avers that the injury was caused by the negligence of the fireman, a fellow servant ; that he was inexperienced and incompetent ; that the defendant employed him with knowledge of his inexperience and unskillfulness ; and that the plaintiff was ignorant thereof.  The averments of the facts were sufficiently specific to enable an issue to be framed thereon, and the demurrer to this count was properly overruled.  *Georgia Pacific Railway Co. v. Probst*, 85 Ala. 203.

3.  The defect in the machinery, which the first count charged caused the injury, and the manner of causing it, are thus averred : "The bolts that held or fastened the inner and outer lining of the boiler were negligently allowed to be and remain without the necessary screws or brads, so as to confine the steam in its ·proper channel, and prevent it from escaping into the fire-box."  There is no evidence whatever tending to show that the explosion and consequent injury to the plaintiff were produced in the manner here alleged, and the Circuit Court should have given the affirmative charge for the defendant on the first count.  There was evidence tending to show that the explosion was induced by a defect in the safety valve, and other evidence tending to prove it was caused by negligence of the fireman, in allowing the water to get too low in the boiler, and the pouring in cold water on hot tubes, but none whatever to support the above averments.  On the contrary, one witness for the plaintiff testified that the steam and water did not escape into the fire-box, but outside ; and another stated that if it had so escaped into the fire box, it would only put the fire out.  A plaintiff must establish his case as it is alleged.

4.  The presumption as to fellow servants is that the master has exercised proper care in the selection of his servant, and hence liability for injury alleged to be caused by the incompetency of a fellow servant depends upon affirmative proof, not only that the servant was incompetent, but that it was known to the master, or by the exercise of due diligence would have been known to

[Conrad v. Gray.]

him. Bailey, Master's Liability, p. 55. There is not a scintilla of evidence in the record that the fireman was incompetent to operate the boiler, or that the defendant was guilty of any negligence in employing or retaining him in the service. The undisputed evidence is that he had performed the same service for two other parties, who theretofore owned the engine, by whom he was recommended to the defendant; that he had been a fireman for at least fifteen months, without ever before having an accident, or having been guilty of an act of negligence, as far as appears, and that the duty of a fireman is simple and easily learned. Expert witnesses, who knew the fireman, and had often seen him operate the engine, testify that he thoroughly understood how to do the work. The simple fact that on this occasion he may have been guilty of negligence is not sufficient to authorize the jury to find against the defendant on the second count. This single act of negligence would prove neither incompetency nor notice to the master. *Couch v. Coal Co.* 46 Iowa, 17; *Baltimore Electric Co. v. Neal*, 65 Md. 431; *Harvey v. Railroad Co.* 88 N. Y. 481. The affirmative charge requested by the defendant on the second count ought to have been given.

5. The first and third charges given at the request of the plaintiff were erroneous, in that they assumed the existence of the defects in the boiler, in reference to which there was serious dispute; and the fourth charge improperly assumed that there was evidence tending to show that the explosion occurred on account of the defects alleged in the first count, of which, as we have seen, there was no evidence. The fourth charge was also defective, as an abstract proposition, in omitting from the postulate a finding that, after knowledge of the defect, sufficient time had elapsed to allow it to be remedied, with the exercise of due care.

There are other assignments of error, but we do not deem it necessary to pass upon them. The matters complained of are not likely to arise in the same form upon another trial.

For the errors to which we have adverted, the judgment must be reversed, and the cause remanded.