A. J. WICKLUND, Appellant, v. THE SAYLOR COAL COMPANY, Appellee. .

Personal Injury:  INCOMPETENCE OF EMPLOYE:  NEGLIGENCE IN EM-PLOYMENT:  EVIDENCE.  A single act of casual neglect by an employe does not make such a case of incompetency that knowledge thereof by the employer will render the latter chargeable with negligence in retaining the former in his employ, and under this rule the evidence in the case is held insufficient to justify a verdict against defendant for plaintiff's injuries.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

SATURDAY, JANUARY 31, 1903.

ACTION to recover damages for personal injuries alleged to have been occasioned by defendant's negligence. At the close of the evidence the district court directed a verdict for defendant, and plaintiff appeals.—*Affirmed*.

*J. F. Conrad* and *W. G. Harvison* for appellants.

*Ryan, Ryan & Ryan* for appellee.

WEAVER, J.—The plaintiff was in the employ of the defendant as a coal miner. Entrance to his place of work was effected by means of a cage which was lowered by steam power to the bottom of a shaft about two hundred feet in depth. On the day in question with several other employes he entered the cage at the surface, and was lowered part way down the shaft, when the cage fell or was dropped with such dangerous speed as to strike the bottom with great force, whereby he claims to have received serious injury. He alleges that the accident was caused by the negligence and incompetence of the person operating the engine, and that the defendant employed or permitted said person to have charge of such engine when it knew or should have known that he was not competent for the duties of the position. It seems to be conceded in argument that plaintiff and the acting engineer, Viggers, were fellow servants, and that for injuries occasioned by the negligence of the latter the defendant would not ordinarily be held liable; but plaintiff insists that there was evidence upon which the jury could properly have found not only that the engineer was negligent and incompetent, but that defendant knew or should have known it, and hence is itself chargeable with negligence in permitting such a person to operate the engine.

The burden of establishing these allegations is confessedly upon the plaintiff. There is no testimony whatever as to the prior experience of Viggers, or as to the

inquiries or investigation, if any, made by the defendant concerning his fitness or qualifications, before giving him employment. It is shown without dispute that he was employed as assistant engineer, and operated the cage upon the night shift at least a part of the time, and at the time of the accident was called to the engine by the reason of the sickness of the principal engineer. It is claimed, however, that he had on other occasions manifested such recklessness or lack of skill that defendant was negligent in retaining him in such employment. To sustain this contention, reliance is had upon the testimony of one of the miners that in August, prior to the accident in December, and while Viggers was in charge of the engine, the descending cage fell or was made to strike the bottom of the shaft with great force, while the ascending cage was carried up against the wheels at the top. The witness does not attempt to say that this occurred by any fault or negligence on Viggers' part, but, on the contrary, says, "The engine became uncontrollable by the engineer." Moreover, on cross-examination he shows that at the time mentioned he was in the mine, near the bottom of the shaft, two hundred feet below the engine, and could have no personal knowledge of the cause of the accident. Aside from this, the only evidence offered is to the effect that on one or two occasions the superintendent of the mine was heard to remind Viggers of this experience, and warn him against operating the cage too rapidly.

We think this showing entirely too meager to sustain the allegations of the petition. It is undoubtedly true that proof of prior acts of an employe indicating incompetence or recklessness may be sufficient to charge the employer with negligence in retaining him in a position to endanger the safety of others. *Railway Co. v. Ruby*, 38 Ind. 294 (10 Am. Rep. 111); *Grube v. Railway Co.*, 98 Mo. 330 (11 S. W. Rep. 736, 4 L. R. A. 776, 14 Am. St. Rep.

645); *Railroad Co. v. Camp*, 13 C. C. A. 233 (65 Fed. Rep. 958); *Gier v. Railway Co.*, 108 Cal. 134 (41 Pac. Rep. 22). But barring exceptional circumstances, which do not appear in this case, where a single act of negligence may indicate such gross unfitness as to make his retention negligence (*Baulec v. Railroad Co.*, 59 N. Y. 363 [17 Am. Rep. 325] ; *Holland v. Southern Pac. Co.*, 100 Cal. 244 [34 Pac. Rep. 666] ; *McDermott v. Railroad Co.*, 87 Mo. 295; *Mayor, etc. of Baltimore v. War*, 77 Md. 597 [27 Atl. Rep. 85],) the generally approved and reasonable rule is that a single act of casual neglect by the employe does not make such a case of incompetency that knowledge thereof by the employer will render the latter chargeable with negligence in retaining the former in his employ (*Conrad v. Gray*, 109 Ala. 130 ( [19 South. Rep. 398] ; *Cosgrove v. Pitman*, 103 Cal. 268 [37 Pac. Rep 232] ; *Elevator Co. v. Neal*, 65 Md. 438 [5 Atl. Rep. 338].) Neither is the engineer's negligence at the time of plaintiff's injury sufficient in itself to prove him incompetent for the work in which he was engaged. *Hathaway v. Railway Co.*, 92 Iowa, 340; *Cooper v. Railway Co.*, 23 Wis. 668.

The judgment of the district court is AFFIRMED.