Edward Rush, Appellant, v. The Thos. D. Murphy Com-
pany.

**Elevator accident:** NEGLIGENCE. Negligence will not be inferred
1 merely from the plan upon which a freight elevator is con-
structed, or that it is insufficiently lighted, in the absence of
an affirmative showing of a more suitable plan of construction
or a better method of lighting the same.

**Same.** Negligence will not be presumed from the mere occurrence
2 of an injury.

**Negligence:** COMPETENCY OF FELLOW SERVANT: EVIDENCE. The casual
3 neglect of an elevator boy is not sufficient to establish negli-
gence of his principal in employing him, where there is no
showing of the degree of skill required to operate an elevator.
On the whole case the evidence fails to show negligence of the
owner of the premises.

*Appeal from Montgomery District Court.*— Hon. O. D.
Wheeler, Judge.

Wednesday, July 3, 1907.

Action for damages resulted in a directed verdict for
defendant on which judgment was entered. The plaintiff
appeals.— *Affirmed.*

*P. W. Richards,* for appellant.

*J. M. Junkin* and *Ralph Pringle,* for appellee.

Ladd, J.— This appeal involves an inquiry into the
sufficiency of the evidence to support a verdict had the issues
been submitted to the jury. The plaintiff had been employed
by defendant as a laborer to unbox and deliver paper to any
part of its building, operate the cutout machine, and the like
for about three weeks. In distributing material, he made
use of a freight elevator extending from the basement to the

third or top story of the building. The shaft for this was inclosed on three sides, with the other side open. From four or five feet south to forty-five feet north of this shaft there was a deck six and one-half or seven feet above the first floor; the ceiling being about thirteen or fourteen feet high. At the opening from this deck, as well as at each floor, there was a gate about thirty inches high made of two-inch studding, six feet long, with pickets two or three inches apart connecting them. These gates were hung on cords over pulleys with weights so that when raised or lowered they stopped where left. The platform of the elevator was six feet square without barriers, and below the first floor there was not enough light to enable one to distinguish the outlines of objects. The plaintiff had made use of the elevator in going to and from the basement (it furnished the only access thereto) nearly every day several times since beginning work and on June 1, 1904, was directed by the foreman to take a roll of paper down there. He did so, and, when returning, stood in the center of the platform, and as it rose reached out his left hand under the gate which rose with the elevator. As it struck the gate let down from the deck and in the same groove, plaintiff lost his balance, dropped his right hand on the platform, and his left foot slid over the edge of the elevator and was caught between the platform and a joist which came within one and one-half or two inches of the opening. The boy on the elevator did nothing to stop it, and the foot was seriously injured. Plaintiff testified that he knew nothing of this joist, or that the upper gate was down, or that both gates worked in the same groove. He had opened the gate many times before in the same way, and had seen others do so, without encountering obstacles, but had let the deck gate down at other times, and therefore must have known it might be there. It was the common practice to raise the gate as plaintiff did, and when the deck gate was down both were lifted. It will be observed that no affirmative evidence

that the elevator was defective in any respect was introduced.

Notwithstanding this omission, appellant insists, first, that the joist on which the floor was laid ought not to have extended to one and one-half to two inches from the shaft, and that the platform should have been provided with barriers. This elevator was used for carrying freight, and barriers would have been in the way. For convenience in loading and unloading the platform should come to a level with the floor, and to leave any considerable space between the floor and the platform would have been dangerous as those passing on and off might step in. If the floor should so extend, the necessity of a joist to support it and the goods taken over it is manifest. These reasons are suggested for constructing the elevator as it was and, in the absence of any affirmative showing that it ought to have been made differently, negligence is not to be inferred. *Olsen v. Handford Produce Co.,* 111 Iowa, 347, is not in point, for there the girder extended into the shaft.

**1. ELEVATOR ACCIDENT: negligence.**

Again it is said the elevator was too dark. Possibly, but no suggestion is dropped by counsel nor contained in the evidence indicating how it could have been safely constructed so as to be better lighted. The shaft was open on one side on each floor, and, if due care required more light, plaintiff should have pointed out how this could, or should have been secured. The courts are not supposed to be experts in constructing mechanical appliances, and negligence in not properly erecting them must be established by evidence, and not left to mere conjecture.

The deck gate and the first floor gate were operated in the same groove. Counsel says this was negligent construction, but the only evidence thereof is the fact that an accident happened. No witness has so declared, nor did any one testify, in what manner the gates should have been hung or operated. Would there have

**2. SAME.**

been less danger had the gates moved in separate grooves? The record furnishes no answer. Negligence is not to be presumed from the occurrence of an injury on a freight elevator alone. Moreover, this plaintiff knew that the deck gate when opened was let down, and, though he may not have been aware that these gates run in the same groove, he was not advised to the contrary, and for all that appears either way might have been proper construction.

Counsel also argues that defendant was negligent in employing a boy only fourteen years old to operate the elevator. The record contains not a word of evidence to support this, save proof that he did not stop it as soon as he might when plaintiff's foot was caught. There was no evidence as to the degree of skill required, and, in the absence thereof, it cannot be assumed that a boy over fourteen years of age is so lacking in discretion as to be unable to discharge duties like those in question which he undertakes to perform. See *Dogget v. Ry.*, 134 Iowa, 690. An act of casual neglect by an employé is not alone sufficient to establish negligence of the principal in his employment. *Wicklund v. Saylor,* 119 Iowa, 335. No defect in the elevator having been shown, defendant could not well have warned its employé against them, nor was it in fault in furnishing no other access to and from the cellar. That afforded in so far as shown was safe when properly used, and this was all that was exacted. The occurrence as appears from the record was one of those unfortunate accidents for which no one is blamable and for which there can be no recovery.

3. NEGLIGENCE: competency of fellow servant: evidence.

The ruling by which a verdict was directed and judgment rendered thereon are *affirmed*.