[No. 18128.   Department Two.—November 8, 1893.]

GEORGE HOLLAND, RESPONDENT, v. SOUTHERN PACIFIC CO., APPELLANT.

NEGLIGENCE—MASTER AND SERVANT—NEGLECT OF FELLOW-SERVANT—SHOWING REQUIRED.—In an action by the roadmaster of a railroad company, to recover damages for personal injuries caused by a collision resulting from the negligence of an engineer employed by the company, the plaintiff and the engineer being fellow-servants, in order to entitle the plaintiff to recover it is incumbent upon him to show not only that the injury was proximntely caused by the negligence of the engineer, but also that the engineer was incompetent, and that there was negligence upon the part of the railroad company in employing him, or in retaining him in its service, after notice of his incompetency and carelessness in the discharge of his duties.

ID.—FITNESS OF ENGINEER—SINGLE RASH ACT—VERDICT AGAINST EVIDENCE.—Evidence that the engineer, several months prior to the collision resulting in the injury, ran a train much more rapidly than schedule time, in daylight, and without accident or injury to any one, and that the proper officers of the railroad company were notified of such fast running of the train in violation of its rules, is not sufficient to sustain a verdict that the railroad company is guilty of negligence in retaining him as an engineer.

ID.—QUALIFICATION OF SERVANT.—One who by years of faithful service has shown himself trustworthy, vigilant, and competent is not disqualified for further employment, and proved incompetent, careless, or untrustworthy, by a single mistake or act of forgetfulness and omission to exercise the highest degree of caution and presence of mind; nor does a single act of casual neglect, per se, tend to prove the party to be careless and imprudent, and unfit for a position requiring care and prudence.

ID.—FORMATION OF CHARACTER.—Character is formed and qualities exhibited by a series of acts, and not by a single act.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. C. Denson, E. A. Forbes,* and *Fred B. Lake,* for Appellant.

The negligence of the engineer did not proximately cause defendant's injury. (*Holman* v. *Chicago etc. R. R. Co.,* 62 Mo. 562; *Stoneman* v. *Atlantic etc. R. R. Co.,* 58 Mo. 503; *Kansas Pac. Ry. Co.* v. *Salmon,* 11 Kan. 83; *Kersey* v. *Kansas City etc. R. R. Co.,* 79 Mo. 362.) There was no sufficient evidence of the engineer's incompetency.

(*Baulec* v. *New York etc. R. R. Co.*, 5 Lans. 436; 59 N. Y. 356; 17 Am. Rep. 325.)  Plaintiff assumed the risk of his injury as one of the ordinary risks of his employment. (*Wabash etc. R. R. Co.* v. *Conkling*, 15 Ill. App. 157; *Clark* v. *Chicago etc. R. R. Co.*, 92 Ill. 43; *Hogan* v. *Central Pac. R. R. Co.*, 49 Cal. 128; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97.)  Plaintiff was guilty of contributory negligence, and the court erred in not directing a verdict for defendant on this ground alone. (*Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137; *Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 253.)

*Jacob Samuels*, and *W. H. Carlin*, for Respondent.

The verdict cannot be disturbed, there being some evidence to support it. (*Alexander* v. *Hannibal etc. R. R. Co.*, 76 Mo. 497; *Turner* v. *Kansas City etc. R. R. Co.*, 78 Mo. 578; *Evansville etc. R. R. Co.* v. *Guyton*, 115 Ind. 450; 7 Am. St. Rep. 458.)  Notice of the engineer's carelessness to the officers of the company was notice to the company. (*Pittsburgh etc. Ry. Co.* v. *Ruby*, 38 Ind. 294; 10 Am. Rep. 111; *Laning* v. *New York etc. R. R.*, 49 N. Y. 521; 10 Am. Rep. 417; *Chicago etc. R. R. Co.* v. *Sullivan*, 63 Ill. 293; *Illinois Cent. R. R. Co.* v. *Jewell*, 46 Ill. 99; 92 Am. Dec. 240; *Ross* v. *R. R. Co.*, 2 McCrary, 235.)  The verdict of the jury is conclusive against contributory negligence. (*Laning* v. *New York etc. R. R. Co.*, 49 N. Y. 521; 10 Am. Rep. 417; *Hoey* v. *Dublin etc. Ry. Co.*, Irish Rep., 5 C. L. 206; *Clarke* v. *Holmes*, 7 Hurl. & N. 937; *Ross* v. *R. R. Co.*, 2 McCrary, 235; *Lyberg* v. *Northern Pac. R. R. Co.*, 39 Minn. 15; *Kansas Pac. Ry. Co.* v. *Peavey*, 34 Kan. 472; *Magee* v. *North Pac. Coast R. R.*, 78 Cal. 430; 12 Am. St. Rep. 69; *Martin* v. *California Cent. Ry. Co.*, 94 Cal. 326; *Wall* v. *Delaware etc. R. R. Co.*, 54 Hun, 454; *Greany* v. *Long Island R. R. Co.*, 101 N. Y. 419; *Franklin* v. *Southern Cal. etc. Co.*, 85 Cal. 63; *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 164; *Noyes* v. *Southern Pac. R. R. Co.*, 92 Cal. 285.)

DE HAVEN, J.—This is an action brought to recover damages for personal injuries sustained by the plaintiff while in the employment of the defendant as a road-master. The injuries were the result of a collision between a locomotive engine and a construction train upon which the plaintiff was riding. The engine which came in collision with the train was then being used in the work of defendant, and was driven by an engineer named Mulligan, employed by the defendant for that purpose.

The complaint alleges that Mulligan, for some time prior to and up to the time of the collision, " had been and was incompetent, reckless and grossly negligent in the performance of his duties as an engineer and . . . . employee of defendant," and that defendant had notice of such incompetency and negligence for more than one month prior to the date of plaintiff's injury.

The case was tried by a jury, and a verdict returned in favor of plaintiff for the sum of seven thousand five hundred dollars; and judgment was rendered in the superior court in accordance therewith. The defendant appeals.

The plaintiff and Mulligan were fellow-servants, and, in order to entitle plaintiff to the verdict and judgment recovered in the superior court, it was incumbent upon him to show, not only that the injury he received was proximately caused by the negligence of Mulligan, but also that the latter was incompetent, and that there was negligence upon the part of the defendant in employing him in the first instance, or in retaining him in its service after notice of his incompetency and the alleged careless and reckless manner in which he had discharged his duties as an engineer. It is not claimed by the plaintiff that the defendant failed to exercise reasonable and ordinary care to ascertain whether or not Mulligan was a competent engineer at the time of first employing him, but he contends that the defendant was guilty of negligence in retaining him as an engineer after notice that he was careless and reckless in the dis-

charge of the duties incident to that position, and, therefore, an unfit person to serve in such capacity. The jury so found, and the defendant insists that the verdict is not supported by the evidence, and the question thus presented is the only one necessary to be considered at this time.

It was shown upon the trial that some three or four months prior to the collision resulting in the injury complained of by the plaintiff, Mulligan was the engineer in charge of one of defendant's trains running between Marysville and Oroville, and upon that occasion ran a train between Marysville and Moore's station, a distance of twelve or fourteen miles, in forty minutes, while the schedule time between these points was one hour. The plaintiff himself testified that in making about one and one-half miles of this run, over a portion of the road which was level, the train was driven at a speed of about forty or forty-five miles an hour; and he further testified that this road was not considered safe to run fast upon, because it was laid with light iron rails. There was but one train a day run over this road, but hand-cars used by construction-men might have been upon the track at this time, and under the rules of defendant would have had the right to remain there until within ten minutes of the schedule time for the arrival of the regular train. This run was made in daylight, and without accident or injury to any one. The plaintiff, although requested by Mulligan not to do so, notified the proper officers of defendant of the manner in which this train was run upon the occasion just referred to.

This was all the evidence tending in any degree to show the incompetency of Mulligan as an engineer prior to the collision in which plaintiff received his injuries. Counsel for plaintiff in the very able brief filed in this court argue that this evidence was sufficient to show that Mulligan knew, or ought to have known, that it was dangerous to run a train so fast upon this particular road, and that in so doing he not only endan-

gered the lives of the passengers on the train, but also imperiled the lives of the section or construction men who were on the road, and who had the right to remain there until within ten minutes of the time for the regular approach of the train, and that the jury were justified in finding from this single act of Mulligan that he was reckless and careless to such a degree as to render him wholly incompetent as an engineer, and that the defendant could not, with notice of the incompetency thus shown, retain him in its service as an engineer without rendering itself liable to those of its employees who might thereafter be injured through his negligence. But we do not think so. It may be and doubtless is true that a single act may be such as to furnish an unerring index of the character of the actor, and when considered by itself or in connection with the circumstances surrounding it, be sufficient to demonstrate the unfitness of a person to be placed in any position requiring great or even ordinary care in the discharge of its duties. Still, the act relied upon here was not of a character to necessarily stamp Mulligan as unfit or imcompetent to discharge the duties of an engineer. It did not of itself show him to be a grossly careless person, or reckless of the lives, either of the passengers committed to his charge, or the lives of the employees of defendants at work upon the track. No accident occurred at that time, nor is there anything in the evidence to show that this result was due more to chance or good fortune than to the management of the engine and the actual condition of the road upon which the train was running; and, although men were liable to have been working on the track, it does not appear that they could not have been easily seen, and would not have had ample time to escape all harm after being warned by bell or whistle of the approach of the train. Upon the facts disclosed by the evidence, the jury was not warranted in finding that the defendant failed in its duty to plaintiff or its other employees, in not discharging Mulligan from further service as an engineer because

of this one act, assuming it to have been a negligent one. The true rule upon this subject is stated with great precision and clearness by Allen, J., in delivering the opinion of the court of appeals of the state of New York in the case of *Baulec* v. *New York etc. R. R. Co.*, 59 N. Y. 363; 17 Am. Rep. 325, as follows: "An individual who by years of faithful service has shown himself trustworthy, vigilant, and competent, is not disqualified for further employment and proved either incompetent or careless and not trustworthy by a single mistake or act of forgetfulness and omission to exercise the highest degree of caution and presence of mind. The fact would only show, what must be true of every human being, that the individual was capable of an act of negligence, forgetfulness, or error of judgment. This must be the case as to all employees of corporations until a race of servants can be found free from the defects and infirmities of humanity. A single act may, under some circumstances, show an individual to be an improper and unfit person for a position of trust, or any particular service, as when such act is intentional and done wantonly, regardless of consequences, or maliciously. So the manner in which a specific act is performed may conclusively show the utter incompetency of the actor and his inability to perform a particular service. But a single act of casual neglect does not, *per se*, tend to prove the party to be careless and imprudent and unfitted for a position requiring care and prudence. Character is formed and qualities exhibited by a series of acts, and not by a single act." (See, also, *Baltimore Elevator Co.* v. *Neal*, 65 Md. 438.) And in Wharton on Negligence, sec. 238, it is said: "If single exceptional acts of negligence should prove an officer to be incompetent, no officer could be retained in service, for there is no person who is not at some time to some degree negligent. Hence, it has been properly held that intelligent men of good habits, who are engineers, or brakemen, or switchmen, on railroads, are not necessarily to be discharged by their employers for the first error or act

of negligence such employees commit; nor will railroad companies necessarily be liable for a second error or negligent act of a servant to all other servants of such companies, when the latter sustain damages by reason thereof."

It necessarily follows from these views that the judgment and order appealed from must be reversed.

Judgment and order reversed.

McFarland, J., and Fitzgerald, J., concurred.