[No. 2380.  Decided November 5, 1896.]

W. W. WATSON, *Appellant,* v. W. H. REED *et al., Respondents.*

MISCONDUCT OF JURY — ASCERTAINMENT OF VERDICT BY LOT.

When a jury has determined upon a verdict in favor of a plaintiff in an action for the recovery of damages, there is no impropriety in the jury's resorting to lot to find the average sense of the jury upon the amount of the verdict to be returned, when there is no agreement to be bound thereby and the minds of the jurors are free to deliberate and act upon the result, using same as a basis of discussion in arriving at the amount of the recovery they should award.

Appeal from Superior Court, Yakima County.—Hon. CARROLL B. GRAVES, Judge.  Reversed.

*Frank H. Rudkin,* for appellant.

*Reavis & Englehart,* and *Whitson & Parker,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought to recover damages for a breach of a contract to execute a lease. A verdict for the appellant, plaintiff below, in the sum of $165, was returned by the jury, which verdict was thereafter set aside and a new trial awarded in the lower court upon the sole ground that it was "arrived at by a resort to the determination of chance or lot." From the order setting aside said verdict and granting a new trial the plaintiff has appealed.

Subdivision 2, § 400 of the Code of Procedure, makes the affidavits of one or more of the jurors admissible for the purpose of showing that a verdict was arrived at in the manner claimed in this case.  The affidavits of two jurors who served in the cause were considered

upon the hearing of the motion. In one of them it is stated that—

"As soon as ten jurors in the cause agreed upon a verdict in favor of the plaintiff the jury proceeded to ascertain and fix the amount of such verdict. The foreman of said jury suggested that each juror write down on a slip of paper the amount he deemed plaintiff entitled to; that said several amounts be added together and the sum so ascertained be divided by twelve; that each of the twelve jurors did so and the sum of the several amounts was divided by twelve which gave a quotient of about $163."

It is further stated,—

"That there was no agreement on the part of any of said jurors to return a verdict for the amount ascertained in the manner above stated, but that said method of ascertaining the amount was resorted to for the sole purpose of ascertaining the average sense of the jury on the question of damages; that the sum of $165 was the final and only amount agreed upon by the jury in said cause, *and none of the jurors in said cause ever agreed to be bound by, or to return into court, a verdict for any other or different amount,* or to be bound by the result of any lot or chance in arriving at the amount of said verdict."

Section 1 of the act of March 8, 1895, (Session Laws, p. 59), authorizes the return of a verdict in a civil action by ten or more jurors. We think the showing made was insufficient to authorize the setting aside of the verdict. The case differs from that of *Gordon v. Trevarthan,* 13 Mont. 387 (34 Pac. 185, 40 Am. St. Rep. 452), wherein it appeared that an agreement was entered into by the jury to arrive at the result by a quotient verdict, and it appeared that at least one juror was induced to assent to the verdict because of the agreement so reached. And so too in *Pawnee Ditch & Imp. Co. v. Adams,* 1 Colo. App. 250 (28 Pac. 662), the

verdict was obtained by averaging the estimates of the individual jurors *under an agreement to be bound by the result.* In the present case it appears that a requisite number of jurors had concluded that the plaintiff was entitled to a verdict and the marking was for the purpose of getting the average sense of the jury as to the amount of the recovery as a basis of discussion or further consideration, but there was no agreement or understanding that the average so obtained should be the sum of their verdict. In other words, the jurors and each of them were free to act on the result of the general average unrestricted and unembarrassed by any previous arrangement or agreement to be bound by the general average; and we agree with counsel for the appellant that there is no impropriety in a jury's resorting to this method for the sole purpose of arriving at an agreement, when the minds of the jurors are free to deliberate and act upon the result. And this view we think is sustained by the authorities. *Grinnell v. Phillips*, 1 Mass. 530; *Dorr v. Fenno*, 12 Pick. 521; *Dana v. Tucker*, 4 Johns. 487; Hayne, New Trial and Appeal, § 71; Hilliard, New Trials (2d ed.), p. 161, § 13.

The cause will be remanded and the lower court is directed to vacate its order awarding a new trial and to enter judgment upon the verdict in accordance with this opinion.

HOYT, C. J., and DUNBAR, SCOTT and ANDERS, JJ., concur.