[No. 4851.   Decided January 27, 1904.]

J. R. BELL, *an Infant, by his Guardian Ad Litem, J. D.*  $\begin{vmatrix} 34 & 131 \\ 138 & 179 \end{vmatrix}$
  *Bell, Respondent,* v. BURT BUTLER, *Appellant.*[1]

TRIAL—VERDICT—ARRIVED AT BY AVERAGE—MISCONDUCT OF.
JURY—NEW TRIAL.   A verdict determining the amount of damages
for personal injuries is not invalid nor ground for a new trial,
because it was the result of a computation whereby the quotient
of the total of the sums each juror considered proper was adopted,
if upon final consideration it receives the sanction of the number
of jurors required.

Appeal from a judgment of the superior court for Spo-
kane county, Richardson, J., entered April 11, 1903, upon
the verdict of a jury rendered in favor of the plaintiff in
an action for personal injuries.   Affirmed.

*John C. Kleber* and *Albert G. Starkey,* for appellant.   A
quotient verdict will not support a judgment.   *Ruble v.
McDonald,* 7 Iowa 90; *Johnson v. Husband,* 22 Kan. 277;
*Goodman v. Cody,* 1 Wash. Ter. 329, 34 Am. Rep. 811;
*Gordon v. Trevarthan,* 13 Mont. 387, 34 Pac. 185, 40 Am.
St. 452; *Warner v. Robinson,* 1 Root (Conn.) 195, 1 Am.
Dec. 38; *City of Pekin v. Winkel,* 77 Ill. 56.

*Harris Baldwin,* for respondent.

PER CURIAM.—The respondent, an infant, brought this
action to recover damages for personal injuries alleged to
have been received by reason of the bite of a dog belonging
to appellant.   A verdict was returned in his favor.   There-
after a motion for a new trial was made and overruled, and
a judgment entered, from which this appeal is taken.   The
motion for a new trial was based on the ground of miscon-
duct of the jury in that they arrived at their verdict by lot
or chance.

[1]Reported in 75 Pac. 130.

From the record it appears that the jury unanimously agreed that the verdict should be for the plaintiff, but were at variance as to the amount. After considerable discussion, it was suggested that an average be struck of the various amounts contended for by the different jurors. This was done by setting down the amount each juror considered proper, and dividing the sum of these amounts by twelve, which gave a quotient of $252.17. After further consideration, this amount was returned as the verdict. This court has heretofore held that such a proceeding, in itself, was not misconduct. In *Stanley v. Stanley,* 32 Wash. 489, 73 Pac. 596, under a similar state of facts, we said that, ". . . it is not a valid objection to a verdict that it was the result of this or some other method of computation, if it finally receives the sanction of the necessary number of jurors required to return a verdict." See also, *Watson v. Reed,* 15 Wash. 440, 46 Pac. 647, 55 Am. St. 899. We think the case before us falls squarely within the rule announced in these cases.

The judgment is therefore affirmed.