[No. 5234. Decided April 7, 1905.]

HERMAN G. CONOVER, *Respondent, v.* THE NEHER-ROSS COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—EMPLOYMENT OF INCOMPETENT ENGINEER—INJURY TO OILER BY STARTING MACHINERY WITHOUT WARNING—COMPLAINT—SUFFICIENCY. In an action for personal injuries sustained through the employment of an incompetent co-servant, the complaint sufficiently alleges the general incompetence of an engineer when it is alleged that he "was negligent and incompetent in the discharge of his duties as engineer, by not giving the warning signals when starting the engine," and the same is not affected by following the allegation with the specification of two instances when he failed to give the signals.

SAME. In such a case the complaint sufficiently alleges negligence in continuing the employment of such engineer where it is alleged that defendant knew of the two prior instances, that the rules required the engineer to give warning signals before

[1]Reported in 80 Pac. 281.

starting the machinery, and that plaintiff was injured while oiling the machinery, by reason of such engineer's starting the machinery without warning.

SAME—INCOMPETENCY OF ENGINEER—EVIDENCE OF TWO PRIOR ACTS OF NEGLIGENCE—ADMISSIBILITY. In an action by an oiler for personal injuries sustained by reason of the employment of an incompetent engineer, who started the machinery without giving a warning, contrary to the rules, evidence is admissible that on two prior occasions the engineer started the machinery without warning, and that defendant had knowledge thereof, since it cannot be said, as a matter of law, that two prior acts do not constitute a series of acts showing general incompetency.

SAME—EVIDENCE—TIME BOOKS—TO SHOW ABSENCE OF WORKMAN—BEST AND SECONDARY EVIDENCE. In an action for personal injuries in which plaintiff claimed to have been working for defendant on a certain day, the defendant's time book, offered to show that plaintiff did not work on such day, is properly excluded, where the defendant's officers who testified were not questioned on the subject, since the defendant's knowledge was the primary and best evidence.

SAME—EVIDENCE—DECLARATIONS OF PARTIES—ANTECEDENT STATEMENTS IN REBUTTAL. Where, in an action for personal injuries, the defendant introduced evidence that soon after the accident the plaintiff admitted that it was due to his own carelessness, antecedent statements, made by the plaintiff soon after the accident, are admissible in rebuttal.

NEW TRIAL—JURY—MISCONDUCT—QUOTIENT VERDICT. A verdict for $1,500 for personal injuries should not be set aside for misconduct of the jury in that a quotient ballot was taken, amounting to $1,370, when there was no agreement to be bound by the result, and other ballots were subsequently taken.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered January 19, 1904, upon the verdict of a jury rendered in favor of the plaintiff, an oiler, for personal injuries sustained by reason of the starting of machinery without warning. Affirmed.

*Kerr, McCord & Craven* and *Brown & Rose,* for appellant.

*Pemberton & Sather,* for respondent.

HADLEY, J.—This is an action to recover damages for injuries received in the defendant's shingle mill. The plaintiff was caught by a saw, and his left arm was cut off a few inches above the wrist. The negligence charged to the defendant was the use of defective machinery, and the employment of an incompetent engineer. The first ground was eliminated at the trial, and the case rested upon the charge of employing an incompetent engineer. The defendant pleaded contributory negligence, assumption of the risk, and negligence of a fellow servant. The cause was tried before a jury and a verdict was returned for plaintiff in the sum of $1,500. The defendant has appealed.

A number of assigned errors involve the single question of the sufficiency of the complaint. These include rulings upon the demurrer to the complaint, upon objection to the introduction of any testimony, upon the motion for nonsuit, and upon certain instructions. It is urged that the complaint does not make any general charge of incompetency against the engineer, but is confined to allegations as to two specific acts of negligence. The complaint contains the averment that appellant was negligent in the employment of a proper person to attend to the duties of engineer, in that it employed an old man,

". . . who was careless and negligent and incompetent in the discharge of his duties as engineer, by not giving the warning signals when starting the engine; that plaintiff had no knowledge of the negligence and carelessness and incompetence of the engineer, but which was known to defendant, yet defendant retained him in its employment as such engineer; that the times when the engineer negligently and carelessly started the engine, prior to the injuries hereinafter complained of, without giving the proper signals, as above alleged, are as follows: On or

about the 21st day of January, and in the latter part of February, 1903."

While the language employed in the pleading is not as comprehensive as it might have been, yet we think the first part of the averment amounts to a general charge of incompetency and that what follows is in the nature of a specification of some facts in support thereof. It is also alleged, that there were certain established oral rules governing the giving of signals for starting and stopping the machinery of the mill; that, under the rules, the engineer was required to ring two bells as warning signals that the machinery was about to be started; that, at the time of the accident, the respondent was in the act of oiling the machinery, when, without ringing the warning bell, the engineer caused the engine to start, and respondent's clothing was caught by the moving machinery, and he was thereby thrown against the moving saw, which caused his injury. We think, as against demurrer, the complaint sufficiently charges negligence against appellant by way of knowingly continuing in its employ an incompetent engineer. The demurrer was, therefore, properly overruled. For the same reasons it was not error to admit testimony in support of the complaint. It was also proper to deny the motion for nonsuit, and to give the instructions criticized, when those questions are considered with reference to the sufficiency of the complaint alone.

It is urged that it was error to admit evidence of prior specific acts of negligence on the part of the engineer. Such proof certainly bore upon the question of general incompetence, and was proper for that purpose. In *Holland v. Southern Pac. R. Co.*, 100 Cal. 240, 34 Pac. 666, cited by appellant, the court observed that "the manner in which a specific act is performed may conclusively show the utter incompetency of the actor, and his inability to

perform a particular service." It is true the court further said, in substance, that a single act of casual neglect does not *per se* tend to prove that one is unfitted for a position requiring care and prudence, and that character is exhibited not by a single act but by a series of acts. Evidence as to the single act was held insufficient in the case. Adopting the reasoning of the court, however, it follows that evidence as to a series of acts cannot be had except by reference to the specific ones which together constitute the series. In the case at bar, an effort was made to show two prior acts of the engineer of the kind alleged in the complaint, and we think it should not be said, as a matter of law, that two such acts do not constitute a series bearing directly upon the question of general incompetency. The evidence was competent in connection with further testimony that appellant was informed of these specific acts. That evidence of such specific acts is competent was held by this court in *Green v. Western American Co.,* 30 Wash. 87, 70 Pac. 310. Respondent cites many other cases upon this point, but we shall not cite them here, inasmuch as the question has already been decided by this court. Appellant seeks to distinguish *Green v. Western American Co.* from the case at bar, under the claim that general incompetency was alleged in the former case, and was not alleged in the one now before us. We have already said, however, that we think general incompetency is alleged here.

It is next assigned that the court erred in sustaining the objection to the introduction of appellant's time book in evidence. A witness for respondent had testified that he was working for appellant in the latter part of February, 1903, and that, while so employed, the engineer, upon one occasion, failed to give the signal before starting the engine. The appellant attempted to show by its time book

that the witness was not in its employ at the time of which
he testified. But the court excluded the book. Appellant
urges this claim of error, upon the general ground that
books of account are admissible in evidence in one's own
favor. The rule is, however, not without limitations.
The trial court excluded the book on the theory that it
was not shown to be the best evidence. Appellant's offi-
cers, who, it was shown, had charge of the employment of
the men, had testified, and they were not asked as to
whether the witness was in their employ at the time men-
tioned. It was the court's view that their knowledge upon
the subject was the primary evidence, and it had not ap-
peared that they were unable to testify as to the fact.

"As has already been stated, the principal ground upon
which books of account are admitted in evidence is the
necessity of the case, inasmuch as such books are fre-
quently the only obtainable evidence of the subject-matter
in controversy. But when better evidence can be fur-
nished, this necessity does not exist, and hence a book of
accounts is not admissible as evidence of items entered
therein when it appears from the testimony of the parties
or the nature of the transaction that more satisfactory evi-
dence exists." 9 Am. & Eng. Ency. Law (2d ed.), 929.

The above statement of the law sustains the trial court's
view. A time book offered for a similar purpose was ex-
cluded in *Morse v. Potter*, 4 Gray 292. The court
observed in that case that:

"A time book, kept in a tabular form, and in which
charges for labor are intelligibly indicated, has been held
admissible in evidence, with the party's suppletory
oath. *Mathes v. Robinson*, 8 Met. 269, 41 Am. Dec. 505.
But the book that was offered in evidence in the present
case was not a book of that kind. It was a book of credits,
and not of charges, and was offered for the purpose of
proving, by the defendant's omission to give credit for
certain days' work, that the plaintiff did not work on those
days. It was clearly inadmissible."

12-38 WASH.

Within the authorities cited, the court did not err in rejecting the time book.

It is argued that the court permitted evidence as to self-serving declarations of respondent. Appellant had introduced evidence to the effect that respondent said, soon after the accident, that it occurred through his own fault and carelessness. In rebuttal, respondent produced two witnesses who were permitted, over objection, to testify as to statements made by respondent. The undoubted theory which appellant sought to impress upon the jury was that respondent's testimony at the trial was a recent fabrication. The testimony it had offered would naturally lead to that belief in the minds of the jury. The two witnesses, whose testimony is now criticized, testified in rebuttal as to statements made by respondent at the surgeon's office, soon after the accident. Whether the statements made under the influence of suffering, so soon after the injury, were a part of the *res gestae* is not discussed by respondent, but, if they were not, we believe the testimony came within the rule discussed in *State v. Manville,* 8 Wash. 523, 36 Pac. 470, which is to the effect that, when testimony is assailed as a fabrication of recent date, the imputation may be repelled by proof of the antecedent declarations of the party. The testimony was properly admitted.

Errors are assigned upon the instructions given, and upon the refusal to give requested ones. We believe, however, that the law governing the case was fairly stated to the jury, and we find no error in that regard.

Misconduct of the jury is urged upon the motion for new trial. It is claimed that the verdict was reached by the quotient process. It appears that, after it had been determined to return a verdict for respondent, it was proposed that each juror should write upon a piece of paper

the amount which he favored for the verdict, and that the aggregate should be divided by the number of votes cast. This was done, and the result was $1,370. It does not appear that there was any agreement in advance to be bound by the result, or by this plan of arriving at the sense of the jury as to the amount. Moreover, the result was not adopted and, after three additional ballots, the sum of $1,500 was found and returned. The case is within the rule of *Bell v. Butler*, 34 Wash. 131, 75 Pac. 130, and cases there cited.

It was not error to deny the motion for new trial. The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.