PATRICK WALL et al., Appellants, v. ST. JOSEPH ARTESIAN ICE & COLD STORAGE CO., Respondent.

Kansas City Court of Appeals, May 22, 1905.

1. SALES: Time of Delivery: Intention: Condition Precedent. The determination of the parties in relation to the time of performance of a contract of sale rests upon the intention to be collected from the language used and the circumstances; and in the contract under judgment the time of performance was a condition precedent.

2. ———: ———: Waiver: Damages: Recission. Where time of performance is essential it is regarded as in the nature of a warranty; and on the failure of the vendor to so deliver, the vendee has the option to rescind the contract or receive the goods and recover damages for the delay; but after failure to deliver on time the vendee's agreeing to accept simply waives his right to rescind and not his right to damages.

3. ———: ———: Measure of Damages: Ice Cans: Instruction. The basic principle in measuring damages is full compensation for the actual loss at the time and place of delivery, and the vendee should reasonably exert himself to minimize his damages; and an instruction that for the failure to deliver certain

ice cans the vendee is entitled to the reasonable value of the use of the cans from the agreed time of delivery to the time of delivery is sufficient.

4. ———: ———: ———: ———: **Evidence.** Where the vendor failed to deliver certain ice cans and the ice company was compelled to buy ice to supply its customers the evidence of the cost of such ice over the cost of manufacturing the same is admissible on the measure of damages since this special damage was one which the vendor under the facts and circumstances must be held to have anticipated as the natural result of his breach of contract.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*Jno. C. Landis, Jr.,* for appellant.

(1) No contract to ship the cans at any specified time was concluded between these parties by the correspondence which took place on February 14, February 16 and February 19. Beach on Modern Law of Contracts (1 Ed.), 67; Bruner v. Wheaton, 46 Mo. 366; Robinson v. Railroad, 75 Mo. 498; Strange v. Crowley, 91 Mo. 287; James v. Fruit Jar Co., 69 Mo. App. 213; Williams v. Railroad, 153 Mo. 488. (2) The court erred in holding that defendant's letters of April 8 and April 15 did not constitute a waiver. Chalice v. Witte, 81 Mo. App. 85; Dillon v. Masterton, 39 N. Y. Sup. 133. (3) Defendant's letter of April 8, written after they had contracted for the ice mentioned in their counterclaim, admits that the delay would not damage them if the cans were delivered by April 20. The court erred in assessing such excessive rental damages. Ice Co. v. Mfg. Co., 29 Atl. 71. (4) Plaintiffs' letter of May 20, 1898, was a demand, and demand was also shown to have been made by defendant's letter of May 18, interest should accordingly have been given from June 14. (5) The court erred in refusing declarations numbered 1, 3, 5 and 6.

*George W. Groves* for respondent.

(1)   Authorities cited under appellant's first point do not sustain the contention that no contract to ship the cans at a specified time was concluded between the parties by their correspondence.   It is equally plain that plaintiff accepted the order according to the defendant's intention.   (2)   Defendant alleges a special contract to deliver the cans at a specified date, and claims damages for breach of the contract in that respect.   The replication is a general denial. Under the pleadings the question of waiver is not in issue. Waiver is a substantiv. fact, and to be available must be pleaded.   Bliss on Code Pl. (2 Ed.), sec. 302, p. 446; Ehrlich v. Ins. Co., 103 Mo. 231; Lantz v. King, 93 Mo. 513; Nicholas & Co. v. Larkin, 79 Mo. 264; Bank v. Hatch, 78 Mo. 13; Roy v. Bateler, 40 Mo. App. 213.   Moreover, when pleaded and in issue, waiver is a question of intention to be determined by the triers of the fact.   Ehrlich v. Ins. Co., 88 Mo. 255; Marcheldon v. O'Hara, 52 Mo. 526; Orange Co. v. Gorman, 161 Mo. 203.   (3)   Appellants' third point deals with the question of excessive damages.   This question is not in the records. It was not raised in the motion for new trial and was therefore waived. Ray v. Thompson, 26 Mo. App. 437.   (4)   Appellants' fourth point raises the question of demand of payment.   This is a question of fact which this court will not review. The fact was material only as fixing the date for computation of interest on the account sued for.   (5)   Appellants' complaint of the court's ruling against their request for declarations of law numbered 1, 2, 3, 5 and 6, is not well founded.

JOHNSON, J.—Defendant, a manufacturer of ice at St. Joseph, ordered of plaintiffs, in business at Alleghany, Pa., manufacturing supplies for such factories, 750 metallic ice cans for use in the making of ice.   The cans were delivered but

payment of the contract price was not made because of damages claimed by defendant on account of plaintiffs' failure to deliver in the time agreed. Suit was brought by plaintiffs on April 30, 1903, as upon an account for goods sold and delivered. Defendant admitted in its answer the purchase and delivery of the articles but alleged that plaintiffs expressly agreed in the contract of sale to deliver them to defendant in St. Joseph on March 14, 1898, well knowing that they were bought for use in the manufacture of ice and if not furnished as agreed defendant would be unable to supply the demands of the summer business, and compelled to purchase ice at a price greatly in excess of the cost of manufacture to meet the requirements of its customers. It was further alleged "That said cans were not delivered until the 16th day of May, 1898. That defendant in good faith relied on plaintiffs' promise and agreement to deliver said cans at the date aforesaid, having no knowledge or notice from plaintiffs that they would not be so delivered until the season was so far advanced that cans could not be procured elsewhere in time to manufacture ice for defendant's business aforesaid so that defendant was compelled to and did purchase 900 tons of ice at the price and sum of $2.50 per ton for the purpose of meeting its obligations to its customers and patrons which defendant would have manufactured at a cost of $1 per ton if plaintiffs had delivered said cans at the time and according to said contract." Damages in the sum of $1,350 were claimed and judgment prayed therefor. The reply was a general denial. A jury was waived and the court after hearing the evidence allowed defendant damages upon its counterclaim in the sum of five hundred dollars, which being credited upon the account reduced the amount thereof, including the allowance of interest from the date of suit, to $1191.34 for which sum judgment was entered in favor of plaintiffs who appealed.

Two reasons are assigned in support of the claim of error in the refusal of the court to give a declaration of

law asked by plaintiffs in the nature of a demurrer to defendant's evidence. First, it is said that time of delivery was not of the essence of the contract; and, second, that defendant waived its right to claim damages. The written contract is embodied in the following correspondence exchanged between the parties:

January 3, 1898, defendant wrote plaintiffs that it would be in the market for 750 ice cans. Plaintiffs replied, giving price. January 29 defendant asked for sample can, and on February 14 wrote as follows: "Received your sample can this morning. We will need 750 cans 11 in. x 22 in. x 44 in. inside measurement and if you can furnish us these cans in thirty days (30) at $2.50 each f. o. b. St. Joseph like the sample and have the bottom well riveted and well soldered, advise us by wire and much obliged." February 16 defendant telegraphed plaintiffs as follows: "Don't make any cans until you see our letter of instruction;" and on the same date defendant sent this letter: "Received your wire saying you had entered our order for 750 cans to be delivered at St. Joseph, Mo., at $2.50 per can. We wire you not to make cans until you hear from us. . . . That is exactly the way we want the cans made and if you can comply with requirements herein set forth make the cans at once and have them here within thirty days and ship in the name of the Wyeth Hdw. Mfg. Co., St. Joseph, via Chicago & Great Western Railroad from Chicago as we are on their line, and in case we would have to hold a few days they would accommodate us. Please confirm the above at once and oblige." To this letter the following reply was written by plaintiffs under date of February 19: "We have your esteemed favor of the 16 inst. and have entered your order in accordance therewith. We desire to thank you for the favor and will make every effort to have the cans in St. Joseph at the time indicated. However, we do not like the routing given in your letter as the price quoted was delivered and it

at times is very inconvenient for us to comply with those requests of our customers."

Plaintiffs knew that the cans were intended for a special use in the making of defendant's product, and the evidence very clearly shows they were aware of the importance to defendant of prompt delivery and knew that loss would follow delay. Their letter of February 19 was an unequivocal acceptance of all of the terms imposed by defendant, including the stipulation to deliver in thirty days. The assurance, following the unconditional acceptance, that they would "make every effort to have the cans in St. Joseph at the time indicated" must be construed as the expression of purpose to comply with this strongly emphasized requirement and not as a modification thereof. The determination of questions arising from stipulations in contracts of sale relating to time of performance rests entirely upon the intention of the parties, to be collected from the language used and the circumstances. [Redlands, etc. v. Gorman, 161 Mo. 211, 1 Beach, Mod. Con. Law, sec. 618; St. Louis, etc. v. Bissell, 41 Mo. App. 430.] The language of the contract alone is convincing that time of performance was in the understanding of both parties to be treated as a condition precedent. Considered in connection with the circumstances, no other conclusion is admissible.

The cans were delivered by plaintiffs on May 16, 1898, just two months after the time fixed by contract. They were accepted by defendant and put into use immediately. It is claimed defendant in its acceptance of them out of time waived the damages resulting from plaintiffs' default. This subject was thoroughly discussed in the case of Redlands Orange Growers Assn. v. Gorman, supra, and the rule followed therein is founded upon unassailable reasoning and supported by the weight of authority. When time of performance is made an essential element of the contract of sale, such stipulation is regarded as being in the nature of a warranty that the goods will be delivered in the time agreed;

and in case of failure of the vendor to so deliver, the vendee has the option either to rescind the contract and refuse to accept the goods or to receive them and recover from the vendor his damages.

But it is said defendant extended the time of delivery and expressly waived damages in letters written plaintiffs after the expiration of the time fixed for delivery. We do not think so. Defendant, having the right to receive the goods out of time without releasing plaintiffs from liability to respond in damages for its failure to deliver in time, was justified in urging plaintiffs to fill the order. In so doing, it did not release its claim for damages sustained. It did nothing more than express an intention not to exercise its right of rescission. Such action upon the option to rescind was without effect upon the right to accept the goods and recover damages.

Plaintiffs further complain of the rule followed by the court in arriving at the amount of defendant's damage. It was shown in the evidence that defendant during the period of delay was compelled to buy 900 tons of ice to supply its customers. Had the cans been delivered in time this purchase would have been unnecessary. The ice purchased cost $2.50 per ton and could have been produced at a total cost of $1.25 per ton, a loss of more than $1,000. It is admitted the cans were a specialty—that is, were not carried in stock but had to be made to order. Plaintiffs manufactured two-thirds of the cans in use in the United States and testified: "In the manufacture of ice cans, on account of the different sizes and styles, it is necessary for the manufacturer of such articles to procure material, that is galvanized sheets of a proper thickness and kind for the manufacture of such sheeting. The order for material for the construction of these cans was ordered from the Aetna-Standard Iron & Steel Company and was not delivered until April 27, 1898; and without suitable material, cans of these dimensions could not be manufactured by us." Defendant's witnesses testi-

fied that it could not have gone into the market and purchased other cans, and had an order been placed with another manufacturer on the date of default it could not have obtained the goods as quickly as it did. The court on its own motion gave a declaration of law upon the measure of damage in which the principle applied was stated in this language:

"If the plaintiffs failed to deliver the cans mentioned in evidence at the time agreed on, the amount of damages to which defendant is entitled is the reasonable value of the use of the cans from the time they should have been delivered until the date of this delivery."

Plaintiffs say there is no evidence upon which to base a finding relative to the value of the use of the cans and aside from the facts detailed, this assertion is well founded. We have not omitted to note the testimony of Mr. Hamilton, defendant's manager, in which he stated the value of the use of the cans; but his opinion, under the evidence, was shown to have been based entirely upon the loss suffered in the purchase of the 900 tons of ice. And if this loss cannot be considered a proper element of damage, there was no evidence upon which to predicate a finding for more than nominal damages.

The basic principle to be followed in the measurement of damage in this class of cases is the awarding of full compensation for the actual loss sustained at the time and place of delivery. [Wilson v. Gnagi, 91 Mo. App. 284; Chalice v. Witte, 81 Mo. App. 84; Shouse v. Neiswaanger, 18 Mo. App. 244.] The injured vendee is not permitted to make the most he can out of his injury, but is required reasonably to exert himself to minimize his damage. He is expected always to do the next best thing. When the markets are open to him he cannot make a customer out of his vendor and recover from him anticipated profits. Hence the rule, very generally followed, that the measure of damage is the difference between the contract price and the market value of the goods bought at the time and place of delivery. In ordi-

nary cases the application of this principle affords full
redress.   [Northrup v. Cook, 39 Mo. 208; Griffith v.
Material Co., 46 Mo. App. 544; Harrison v. Hall, 97 Mo.
289; Rickey v. Tenbroeck, 63 Mo. 563; Black River Lumber Co. v. Warner, 93 Mo. 374 ]

Not so in the case before us.   Defendant on the date
fixed for delivery could not have procured the cans elsewhere during the period of two months thereafter.
Nothing could have been done to lessen the damage that
was not done.   It bought ice at the best price obtainable to fill its orders.   Obviously, justice requires
that it be recompensed for the loss incurred.   This loss
could have been and was definitely ascertained and was
in no sense conjectural, speculative nor contingent.   Defendant did not seek to recover for anticipated profits
arising from the sale of the 900 tons to its customers, but
for the difference between the amount it had to pay for
the ice and the cost of production—both known facts.
This special damage was one which plaintiffs, from their
knowledge of facts and circumstances, as shown in evidence, must be held to have anticipated as a natural result of their breach of contract; and this is all that is
required to charge them with liability therefor.   [Chalice v. Witte, 81 Mo. App. 84; Wilson v. Gnagi, 91 Mo.
App. 284; Messmore v. Shot Co., 40 N. Y. 422; Peoria
Mfg. Co. v. Mfg. Co., 76 Mo. App. 76; Maryland Ice Co.
v. Ice Co., 74 Md. 103; Hadley v. Baxendale, 9 Exch. 341;
Tiedeman on Sales, sec. 336; Hammer v. Schoenfelder,
47 Wis. 459.]

From the views expressed it follows that the loss
thus incurred was a proper measure of damage.   The
declaration in fact confined the recovery within the limits of that loss, and therefore was not prejudicial to
plaintiffs.   As defendant is not appealing it is unnecessary to consider error, if any involved therein, prejudicial to its rights.

Other points made will not be discussed, as they are entirely without merit.

The judgment is affirmed. All concur.