[No. 13973.   Department One.   October 13, 1917.]

UNITED IRON WORKS, *Appellant*, v. E. WAGNER,
*Respondent*.[1]

APPEAL—DECISION—LAW OF CASE. Where, in a second trial, a motion for judgment notwithstanding the verdict presented the same question as was decided upon a former appeal holding that the facts presented a question for the jury, the question will not be further considered.

TRIAL—MISCONDUCT OF JURY—QUOTIENT VERDICT. A quotient verdict will be set aside where each of the jurors agreed in advance to abide the result of adding the sums designated by each juror and divide the same by 12; although upon a subsequent ballot, the jurors agreed to the amount of the verdict so determined.

SALES—SELLER'S BREACH — DAMAGES — RIGHT TO COUNTERCLAIM. Where a pump sold was not delivered within a reasonable time, the buyer, although he did not elect to rescind, may counterclaim for damages for the delay without paying the amount due upon delivery, where he claimed damages equal to or greater than the amount due, which he refused to pay on that account.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered June 29, 1916, upon the verdict of a jury rendered in favor of the defendant upon a counterclaim for damages, in an action on contract. Reversed.

*B. B. Adams* and *Williams & Corbin*, for appellant.

*W. O. Parr*, for respondent.

MAIN, J.—The purpose of this action was to recover the purchase price of a pumping plant. The defendant admitted the contract and counterclaimed for damages, because, as it is alleged in the answer, the pumping plant was not delivered within a reasonable time, or at all. The cause was tried to the court and a jury, and resulted in a verdict in favor of the defendant upon his counterclaim in the sum of $1,487.50. From the judgment entered upon the verdict, the plaintiff appeals.

[1]Reported in 167 Pac. 1107.

The case has been twice tried in the superior court, and this is the second appeal to this court. The opinion upon the former appeal is reported in 89 Wash. 293, 154 Pac. 460. The issues and the facts are there fully stated and need not be here repeated in detail. Upon the first trial in the superior court, after the evidence was all in, including the rebuttal evidence of the plaintiff, the court, upon motion to that effect being made, discharged the jury and rendered judgment in favor of the plaintiff. Upon an appeal from that judgment, it was held that whether there had been a substantial delivery of the pumping plant, and whether, if there were not, a delivery had been waived by the defendant, and whether the pumping plant, if delivered, was delivered within a reasonable time, were all questions for the jury. After the second trial in the superior court, the plaintiff moved for a judgment notwithstanding the verdict, and one of the errors assigned is the refusal of the court to grant this motion. This assignment of error presents the same questions which were considered and determined upon the former appeal, and need not be here further considered. The plaintiff also made a motion for a new trial, and two of the assignments of error based upon the refusal of the trial court to grant this motion require consideration.

The first question is whether the verdict of the jury is bad because it was arrived at by chance or lot. In support of its motion for a new trial, the appellant filed an affidavit of one of the jurors in which it is stated that, as soon as the jurors, in considering the verdict to be rendered in the case, had agreed upon a verdict in favor of the respondent and against the appellant, the jury proceeded to ascertain and fix the amount of such verdict; that it was suggested by one of the jurors, and agreed to by all, that each juror should write on a slip of paper the amount of damages he deemed the respondent entitled to; that such several amounts be added together and that the sum so ascertained be divided by twelve; and that the quotient or average resulting there-

from should stand as and for the amount of damages to be awarded the respondent; and that "each of the jurors should be bound by that sum." The affidavit further states that each of the jurors did so write on a slip of paper the amount of damages he deemed the respondent entitled to, and the sum of the several amounts was divided by twelve, which gave a quotient of $1,487.50.

The respondent filed the affidavits of two jurors in which it is stated that, in fixing the amount of the verdict, the jury proceeded by ballot, each juror writing upon his ballot the amount of damages he deemed the respondent entitled to; that the ballots were then collected and the result determined by the jury; that not less than twelve such ballots were taken, from time to time, the jury in the meantime discussing the case at considerable length; that it was finally suggested by one of the jurors that the average of all the amounts should be the just verdict of the jury, and that thereupon another ballot was taken, each juror writing on his ballot the amount of damages he thought the respondent entitled to, and an average of the whole was taken and was found to be the sum of $1,487.50; that the foreman of the jury then stated that it was advisable to take a further vote upon the question, and put the question to the jurors, requiring all those in favor of a verdict for the respondent and against the appellant in the sum of $1,487.50 to answer "yes," and those opposed, to answer "no," and that thereupon ten jurors voted "yes." These affidavits nowhere deny the statement in the affidavit filed by the appellant that "each of the jurors should be bound by that sum." If it is true that the jury agreed in advance to abide by the result, and, as stated, this charge in the affidavit is not denied in those filed by the respondent, then such verdict cannot stand, because the agreement in advance to be bound by the result is the very essence of the misconduct charged. In *Wiles v. Northern Pac. R. Co.*, 66 Wash. 337, 119 Pac. 810, it is said:

"There was no statement that the jurors had agreed in advance to abide by the result. Such an agreement is the very essence of the misconduct charged. The burden of showing all the essential elements of the misconduct charged was upon the appellant. This court has often held that the taking of a quotient is not in itself misconduct, unless it appears that the jury had agreed in advance to be bound by it; even though the verdict returned be exactly or nearly the amount of the quotient."

See, also, to the same effect: *Watson v. Reed*, 15 Wash. 440, 46 Pac. 647, 55 Am. St. 899; *Stanley v. Stanley*, 32 Wash. 489, 73 Pac. 596; *Bell v. Butler*, 34 Wash. 131, 75 Pac. 130; *Conover v. Neher-Ross Co.*, 38 Wash. 172, 80 Pac. 281, 107 Am. St. 841; *Loy v. Northern Pac. R. Co.*, 77 Wash. 25, 137 Pac. 446.

Considering all the affidavits, it is plain that the jury did agree in advance to abide by the result that should be obtained by each juror writing upon a slip of paper the amount he thought the verdict should be for and dividing this sum by twelve. This was a quotient verdict and, under the authorities above cited, cannot be sustained.

It is also claimed that the motion for a new trial should have been sustained because there was error in one of the instructions given and in one of the requests refused. After instructing the jury that the appellant was not entitled to recover at all unless it had proven that there was a delivery of the pumping plant, there was the further instruction that, if from all the evidence the jury should find that there was a delivery, the appellant was not then entitled to recover at all unless such delivery was made within a reasonable time, as contemplated by law, after the date of the contract. It is to this latter instruction that objection is made. The basis of the objection is that, since the respondent was relying upon the contract in his counterclaim for damages, the appellant would be entitled to recover any sum due under the contract at the time the machinery was delivered. The contract provided for the payment of $400 when the pumping

plant was delivered on the ground of the respondent. Under this instruction, if the machinery had been delivered, but not within a reasonable time, the appellant would not be entitled to recover the $400, notwithstanding the fact that the respondent relied upon the contract in counterclaiming thereon for special damages. If the property was delivered, but not within a reasonable time, the respondent had the right to do one of two things: Either rescind the contract and refuse to accept the machinery and recover the amount paid at the time of its execution; or receive the pumping plant and recover from the appellant his damages. *Wall v. St. Joseph Artesian Ice & Cold Storage Co.*, 112 Mo. App. 659, 87 S. W. 574; *Corby Supply Co. v. Thompson*, 186 Mo. App. 95, 171 S. W. 661.

In this case the respondent did not elect to rescind, but pleads the contract and seeks to recover damages by virtue thereof. Thus relying upon the contract, it became his duty to show performance thereof on his part, or to offer a legal excuse for his failure to perform. *Ohio Valley Buggy Co. v. Anderson Forging Co.*, 168 Ind. 593, 81 N. E. 574; *Skehan v. Rummel*, 124 Ind. 347, 24 N. E. 1089.

In the last case cited, it is said:

"It is familiar law that where one of the parties to a contract asks its enforcement against the other party thereto, he must be able to show performance on his part, or to offer a legal excuse for his failure to perform."

Applying the law to the facts of the present case, the respondent, in counterclaiming for damages upon the contract, before he could prevail, must show that he had performed the terms of the contract, or offer some legal excuse for his failure to perform. Under the instruction given, to which objection is made, the appellant would be denied recovery of the $400, even though the respondent was relying upon the contract and had not shown that this sum had been paid, and had offered no legal excuse for not paying it. By the instruction which was requested and refused, apparently

it was sought to present substantially the same question. The instruction, as requested, is not aptly worded, in that it is subject to the construction that it assumed that a delivery had been made, when this was the vital issue to be determined by the jury. The instruction also stated the law in somewhat broader language than the authorities would seem to justify. If the pumping plant was delivered, but not within a reasonable time, the respondent was not required, even though he relies upon the contract, to pay the $400 as a condition precedent to his right to counterclaim, providing his reason for such failure was that he claimed damages equal to, or greater than, the sum of $400, and had refused to pay it because of that fact. *Bradley v. King*, 44 Ill. 339; *Harber Bros. Co. v. Moffat Cycle Co.*, 151 Ill. 84, 37 N. E. 676.

In the case last cited, referring to the *Bradley* case, *supra*, it was said:

"The court held that though delayed, its acceptance bound the vendee to pay for it as if it had been delivered within the required time, and the refusal excused further delivery; and say that 'if plaintiffs sought, at the time of the delivery of the last cargo, to pay for it by setting off their damages, it was incumbent on them to have made a distinct offer so to do to the defendants. In order to defeat the effect of this plea, they should either have traversed the averment of refusal to pay, and proved, on the trial of the issue, that damages were due them equal to the value of the cargo, and that they offered to the defendants to release the damages to that amount, or they might have replied these facts specially to the plea. But the plea, on demurrer, should have been held good.' Such an offer, if the damages proved were equal to the value of the cargo, would have been equivalent to performance. But performance, or its equivalent, or a legal excuse for non-performance, must be averred and proved."

It may be that the jury found that there had been no delivery at any time, and, if this were the finding, then the instruction, even though not correctly stating the law, would

not be material, but we have no means of knowing whether the jury found in fact that there had not been a delivery at any time, or whether they found a delivery but not within a reasonable time.

There are a number of other assignments of error, but these need not be reviewed in detail. They have all been considered, and, in our opinion, in none of them is there substantial merit.

The judgment will be reversed and the cause remanded for a retrial.

ELLIS, C. J., MOUNT, CHADWICK, and MORRIS, JJ., concur.