CHICAGO—FIRST DISTRICT—JUNE, 1919.      483

Charles D. Stone & Co. v. N. Y. C. R. Co., 214 Ill. App. 483.

# Charles D. Stone & Company, Defendant in Error, v. New York Central Railroad Company, Plaintiff in Error.

## Gen. No. 24,433.

1. CARRIERS, § 93*—*when action for breach of contract to deliver merchandise is not one under Carmack amendment.* An action against a railroad company for breach of a contract to deliver merchandise on board a steamship was not one under the Carmack amendment, where the original contract had been completed by delivery in a certain State, and where plaintiff, as the legal holder of the bill of lading, made the contract in question with defendant for specific services to be performed in such State, the defendant strictly having been neither an initial nor connecting carrier.

2. CARRIERS, § 60*—*when holder of bill of lading is legal holder.* The holder of a bill of lading indorsed in blank is the legal holder.

3. CARRIERS, § 93*—*who may sue for carrier's breach of contract to deliver merchandise.* The delivery of a bill of lading by the consignee, indorsed in blank, to a broker with directions to attend to the shipping of the merchandise was in law the delivery of the merchandise to such broker as bailee, and authorized the latter to sue for the default of the carrier.

4. EVIDENCE, § 185*—*what must appear in order for admissions of third person to be admissible.* The principle that admissions of a third person are receivable against a party who has expressly referred another to him for information in regard to an uncertain or disputed matter, should not be extended beyond the ordinary rule of an agent given authority to bind a principal, and therefore it must clearly appear that such person had authority to speak for the principal who intended to be bound by the result.

5. EVIDENCE, § 185*—*when admissions of third person not admissible.* The rule that admissions of a third person are receivable against a party who has expressly referred another to him for information in regard to an uncertain or disputed matter, had no application in a suit against a carrier for failure to deliver merchandise to a steamship company, where it was attempted to bind defendant by statements of a witness who merely undertook to say that upon an occasion when he inquired of some one "in the railroad office," as to the location of a certain receipt, he was told to "see" the steamship company.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

484    APPELLATE COURTS OF ILLINOIS.

Charles D. Stone & Co. v. N. Y. C. R. Co., 214 Ill. App. 483.

6. EVIDENCE, § 129*—*when "dock sheets" not admissible as copies of receipts.* In an action against a carrier for breach of contract to deliver merchandise on board a steamship, it was error to admit so-called "dock sheets," supposed to contain receipts delivered by the steamship company, there having been nothing to show that the original receipts were not obtainable.

7. EVIDENCE, § 253*—*"dock sheets" not admissible to prove negative.* It has been held that so-called "dock sheets" are not admissible for the purpose of proving a negative.

8. CARRIERS, § 93*—*when exclusion of evidence in suit against carrier for failure to deliver merchandise will be error.* In a suit against a carrier for failure to deliver merchandise to a steamship company, it was error to refuse to permit a witness to testify concerning a receipt which he received from the steamship company and which was not turned over to the shipper.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed June 16, 1919.

GLENNON, CARY & WALKER, for plaintiff in error; C. A. REINWALD, of counsel.

BAKER & HOLDER, for defendant in error; G. RAYMOND COLLINS, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit to recover damages for the alleged breach by the defendant of its contract to deliver a number of bags of flour on board a steamship sailing from New York for Greece. On trial plaintiff had a verdict and judgment for $1,700.54, which defendant asks to have reversed.

The Updike Milling Company of Omaha, Nebraska, consigned to the order of itself at New York City 400 bags of flour, with directions to notify the Greek Products Importing Company. The bill of lading was indorsed by the shipper, and pursuant to instruc-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tions therein contained was delivered to the Greek Products Company. Plaintiff is a corporation engaged in the business of customhouse brokers and forwarding agents. It received the bill of lading from the Greek Products Company, with instructions to have the merchandise delivered to the steamship "Frixos" for shipment to Greece. Plaintiff delivered the bill of lading to defendant, together with a letter of instructions from plaintiff to defendant, which defendant accepted and undertook to perform. Plaintiff's claim is based upon the alleged failure of the defendant to carry out this contract.

Defendant says that under these circumstances plaintiff is not the proper party to bring the action. We think the defendant is in error in the assertion that this is a suit under the Carmack amendment. The initial carrier in the transaction was the Missouri Pacific Railway Company, and its contract of carriage was completed when the merchandise was delivered in New York City and came into the possession of the Greek Products Company. This suit is for the breach of the contract between the parties wherein the defendant undertook to perform certain specific services within the State of New York and it is neither an initial carrier nor connecting carrier. This suit is in a class with those based upon the negligence of the contracting party, and such suits have been held to be not under the Carmack amendment. *Looney v. Oregon Short Line R. Co.*, 271 Ill. 538; *Pennington v. Grand Trunk Western Ry. Co.*, 277 Ill. 39.

We are of the opinion that plaintiff properly could bring the suit. The failure of the Greek Products Company to indorse the bill of lading to plaintiff is of no vital importance. It may be said, however, that there is considerable force in the suggestion that such indorsement was wholly unnecessary in that the indorsement by the Updike Milling Company was in blank; hence whoever had the bill of lading in his

486     Appellate Courts of Illinois.

Charles D. Stone & Co. v. N. Y. C. R. Co., 214 Ill. App. 483.

possession would be the legal holder. However this may be, the delivery by the Greek Products Company of the bill of lading to plaintiff, with directions to attend to the shipping, was in law the delivery of the merchandise to plaintiff as bailee. It has been held that an interest of this kind authorizes such a party to sue for the default of a carrier in the performance of a contract between them. *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311; *Great Western Ry. Co. v. McComas*, 33 Ill. 185. In the latter case the court said that the railroad company, having received the property from the plaintiff, was not at liberty to dispute his title in an action brought by him, and that it was very questionable if a carrier could be permitted of its own mere motion to set up as a defense against its bailor the right of the real owner. These statements are approved in the later (*Edgerton*) case.

We are of the opinion, however, that the cause must be remanded for a new trial because of error of the court in the admission of testimony. We refer to certain testimony contained in the deposition of Frederick L. Stahl, which in brief was an attempt to bind the defendant by certain alleged statements of some one whose authority is not shown, purporting to speak for the steamship company. The principle invoked by plaintiff is that admissions of a third person are receivable against a party who has expressly referred another to him for information in regard to an uncertain or disputed matter. The books contain a number of discussions of this rule, stated in Greenleaf on Evidence, vol. 1, sec. 182. Clearly, however, this rule is based upon the agency of the third party for the particular purpose of binding the person who has referred the inquirer to such party. The rule should not be extended beyond the ordinary rule of an agent given authority to bind a principal. This makes it necessary that the agency of the person referred to must be clearly shown, and that the person referred

to had authority to speak for the principal, who intended to be bound by the result. We are wholly in accord with the very luminous and convincing discussion of this point by Mr. Justice Christiancy, in *Rosenbury v. Angell,* 6 Mich. 508. Under this construction of the rule the incompetency of the statements of the witness Stahl is manifest. All he undertook to say was that upon an occasion when he inquired of some one "in the railroad office" as to the location of a certain receipt, he was told to "see the Greek Lines Steamship Company." These circumstances do not warrant the application of the rule above referred to, and the testimony of the witness in this regard was clearly incompetent.

The admission of the so-called "dock sheet," plaintiff's exhibit 4, was improper. This was supposed to contain copies of receipts delivered by the steamship company. For aught that appears the original receipts were obtainable. These copies were made by witnesses who were not produced, and whose nonappearance was unexplained. It has also been held that books of this sort are not admissible for the purpose of proving a negative. *Vandyke v. Memphis, N. O. & C. Packet Co.,* 24 Ky. L. Rep. 1283, 71 S. W. 441; *Riley v. Boehm,* 167 Mass. 183; *Scott v. Bailey,* 73 Vt. 49; *Conover v. Neher-Ross Co.,* 38 Wash. 172; *Louisville Ry. Co. v. Kritzky,* 162 Ky. 652; *Schwarze v. Roessler,* 40 Ill. App. 474.

Defendant attempted to have the witness Hills testify concerning a receipt which he received from the steamship company and which was not turned over to the shipper. It was said that this tended to show that a mistake had been made by the steamship company with reference to the receipts. We think such evidence material and that it should have been admitted.

For the errors above indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*